DANIEL MESSMORE, RESPONDENT, v. ELLEN A. HAULENBEEK, APPELLANT.

*Authority to insert clause to charge separate estate of married woman — must be express.*

APPEAL from a judgment in favor of the plaintiff entered upon the verdict of a jury. The action was brought upon three promissory notes given by the defendant for the balance of bills for groceries. The defense was that the defendant was a married woman; that the notes were executed by her in blank and given to her husband; that he delivered them to one Packard, who inserted the name of one Peterson, in whose name the groceries had been sold, as payee, and also inserted the following clause : " This amount being for my own use and benefit, and I hereby charge my separate estate with, and for the payment of this amount."

With reference to the question of his authority to insert this clause, the court at General Term said : " To entitle the plaintiff to recover in this case, it was necessary that he should establish an express authority from the defendant to fill in the blank notes with the special provision charging her separate estate. (*Taddilen* v. *Cantrell*, 69 N. Y., 597; *Stuart* v. *Kissam*, 2 Barb., 493 ; *Hoffman* v. *Treadwell*, 2 Sup. Ct. [Thomp. & Cook], 57.) The court submitted it to the jury to find an implied authority, and it is quite probable that the case was disposed of by the jury, without passing upon the question whether or not any express authority was given. We think it was error to have submitted the case in that form to the jury, and that there should be a new trial, with costs to abide the event."

*A. P. Whitehead*, for the appellant.  *Moody B. Smith*, for the respondent.

Opinion *per Curiam*.

Present — DAVIS, P. J., BRADY and INGALLS, JJ.

Judgment reversed: new trial ordered; costs to abide event.